■ LEATHER DEVELOPMENT CORP. et al., Respondents, v. DUN & BRADSTREET, INC., et al., Appellants.—

Assuming the accuracy of plaintiffs' contention that the allegations of the amended complaint purport to spell out causes of action for prima facie tort, the pleading is nevertheless insufficient in failing properly to allege special damages. Damage is an essential element in a cause of action for prima facie tort and must be pleaded specially. (*Brandt* v. *Winchell,* 286 App. Div. 249, 250, affd. 3 N Y 2d 628; *Rager* v. *McCloskey,* 305 N. Y. 75, 81.) The allegations of the amended complaint are ones of general damages, and not of special damages, asking the round sum of $500,000 on behalf of the corporate plaintiff and $1,000,000 for the individual plaintiff. As pointed out in *Drug Research Corp.* v. *Curtis Pub. Co.* (7 N Y 2d 435, 441) damages pleaded in such round sums, without any attempt at itemization, must be deemed allegations of general damages. In view of the history of litigations between the parties since 1954 arising from the same transactions — of which we can take judicial notice (*Brooklyn Public Lib.* v. *City of New York,* 222 App. Div. 422, 436, affd. 250 N. Y. 495; *Shaw* v. *Shaw,* 155 App. Div. 252) — this court, in the exercise of discretion (Civ. Prac. Act, § 283), will not grant leave to serve another amended complaint. Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.