OPINION OF THE COURT
Harold Baer, Jr., J.
The plaintiffs, individually and as a partnership, brought this action seeking insurance proceeds allegedly due under an insurance policy issued by the defendant General Accident Fire and Life Assurance Corporation, Ltd. (General Accident). Plaintiffs, by Andrew Sulner, *598 allege that the partnership is engaged in the business of forensic document examination, and that in connection with that business it is necessary to retain a great number of documents and photographic exhibits at their offices, that there has always been ample insurance against loss by fire or water, etc., and that General Accident has been the insurer, at least since 1979. When the business moved in December, 1981, General Accident was immediately alerted through their authorized agent, Ohlert-Ruggiere, Inc. (Ohlert). Ohlert was later joined as a codefendant in this action, but their status as a party is not of concern on this motion. Ohlert was requested to obtain water damage insurance for the premises. Ohlert advised that such coverage would be issued as of January 7, 1982. Thereafter, on January 31, 1982, a substantial and severe water damage loss occurred. Ohlert was advised, claim forms were repeatedly requested, but nothing happened. Finally, on June 23,1982, an adjuster arrived. The adjuster conducted an examination of the records that had been damaged, or what was left of them, and the damaged property. The adjuster, on behalf of General Accident and Ohlert, is alleged to have stated there was coverage. After several visits to the premises, the adjuster made his final examination on or about October 27, 1982. On this occasion, plaintiffs were told it was no longer necessary to retain the damaged property since the examination had been completed. Thereafter, plaintiffs destroyed the bulk of the damaged property. In December, plaintiffs were notified that the defendants had disclaimed coverage.
Without cataloguing the various accompanying horrors spelled out in the papers, suffice it to say that plaintiffs seek $70,000 of insurance to cover the water damage losses and $230,000 for loss of income and business interruption. The second cause of action seeks damages pursuant to section 40-d of the Insurance Law. The third cause of action seeks, pursuant to sections 349 and 350 of the General Business Law, damages for deceptive acts, that the damages be trebled and for attorney’s fees. The defendant seeks dismissal of the second and third causes of action in the complaint pursuant to CPLR 3211.
As to the second cause of action, General Accident urges that section 40-d of the Insurance Law may be invoked *599 only by the Superintendent of Insurance of the State of New York, and that the section does not give rise to a private cause of action.
A review of the case law, juxtaposed with the allegations of the complaint, compels the conclusion that section 40-d of the Insurance Law, in this instance at least, fails to provide a private right of action and the collection of punitive damages. There is authority to the effect that the section does not, under any circumstances, give rise to such a cause of action. (See Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71.) More important, from a filial piety perspective at least, is the language of Justice Harold Baer in Labrina Corp. v New York Prop. (NYLJ, April 18, 1974, p 2, cols 1, 2): “In addition, it should be noted, that the purpose of awarding punitive damages is to serve as a deterrence to the offender, and others similarly situated, not to perform certain acts which the law regards as offensive. The Legislature has enacted legislation, section 40-d of the Insurance Law, which applies to unfair claims practices by insurers. The statute performs the very same disciplinary functions, which the plaintiff would have us apply here, and [obviates] the necessity for the maintenance of causes of action for punitive damages in insurance cases.”
The motion to dismiss the second cause of action is granted.
With respect to the third cause of action, the defendant urges that section 349 of the General Business Law, upon which that cause of action is based, which reads in the pertinent nondamage section, “(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful” is inapplicable to the case at bar and merits dismissal. I disagree. The complaint alleges a series of acts which, at least at this stage of the lawsuit, may be found to be deceptive. When the organized Bar reported on this 1968 legislation, it emphasized that the purpose of the legislation was that it might serve as a broad and flexible statute which would provide “protection * * * comparable to that provided by laws in the most advanced States.” (See Report of Committee on New York State Antitrust Law of *600 Antitrust Law Section of New York State Bar Association — A Proposed New State Law Making Deceptive Acts or Practices Unlawful, 1968 NY State Bar Assn Antitrust L Symp 119 [CCH].) The relatively new statutory language devoted primarily to damages, added as subdivision (h) (L 1980, ch 346, § 1, eff June 19, 1980), only serves to underscore that view. It expanded the remedies available to consumers. As an example, prior to the amendment, only the Attorney-General was vested with the authority to enforce the act’s prohibitions. The amendment provided for the first time that the individual consumer might now stand in the shoes of the Attorney-General and bring similar lawsuits. (See Governor’s Memorandum on Approval, L 1980, ch 346, NY Legis Ann, 1980, p 147; see, also, Memoranda of Senator Lack and Assemblyman Strelzin, NY Legis Ann, 1980, pp 146, 147.) In supporting passage of the legislation, the Attorney-General took the time to underscore its application in cases much like the one at bar: “a business itself will be able to use the private right of action against another business engaged in deceptive practices and thereby obtain increased legal protection.” (See Memorandum of Attorney-General [contained in bill jacket for L 1980, ch 346].)
Further, it is to be noted that under principles of statutory construction applicable to remedial legislation such as this: “[t]he consideration of the evil to be corrected is especially important in the exposition of remedial statutes, which are construed so as to meet the mischief and advance the remedy.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 95, p 200.) Finally, “remedial statutes are liberally construed [in order] to carry out the reforms intended”. (Op. cit, § 321, p 489.)
Turning specifically to the question of damages detailed in the 1980 amendment, interpretation is complicated by a lack of case law. Movants contend that even if the complaint states a cause of action the statute prescribes a ceiling on damages of $1,000 and since plaintiffs seek $50,000 the complaint must be dismissed. Certainly the language is not a model of clarity; nonetheless, a careful reading suggests that actual damages may be in any amount, while treble damages are to have a cap of $1,000. *601 The statute permits the successful party: “to recover his actual damages or fifty dollars, whichever is greater. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney’s fees to a prevailing plaintiff.” (General Business Law, § 349, subd [h].)
At first the drafters may have envisioned a broad bill without limitation, i.e., without a cap on recoverable treble damages. Upon reflection, the large number of prospective treble damage suits may have concerned some legislators. The resulting compromise left actual damages uncapped, while a cap was placed on trebling. The only detailed analysis of the legislation supports this conclusion: “Moreover, although there is no limitation placed on the consumer’s actual damage award, the Act imposes a statutory ceiling of $1,000 on the damage award after trebling.” (Note, New York Creates a Private Right of Action to Combat Consumer Fraud: Caveat Venditor, 48 Brooklyn L Rev 509, 577.)
Finally, the movant urges that the third cause of action must be dismissed because the statute reads and has been interpreted to require in the same suit a cause of action for damages and a cause of action for injunctive relief, and that the instant complaint is devoid of a prayer for injunctive relief. This may have been the law at the time the memorandum was filed; it is no longer the law. (See Beslity v Manhattan Honda, 120 Misc 2d 848 [App Term, 1st Dept].)
Nevertheless, the third cause of action is flawed. In referring to section 350-d the plaintiffs have mistakenly utilized the false advertising section rather than the deceptive practices section. Accordingly, leave to amend the complaint to change the reference from section 350-d to section 349 is granted. Further, the ad damnum clause for the third cause of action should be amended to reflect the $1,000 cap on trebled damages.
The motion to dismiss the second cause of action is granted. The motion to dismiss the third cause of action is *602 granted with leave to replead in accordance with this opinion within 20 days from the publication of notice of this decision in the New York Law Journal.