The HERTZ CORPORATION, Plaintiff,

v.

AVIS, INC., Defendant.

No. 88 Civ. 1035 (KTD).

United States District Court,
S.D. New York.

Nov. 16, 1989.

Patterson, Belknap, Webb & Tyler (Thomas C. Morrison, Christine H. Miller, Paul M. Tschirhart and Fredric R. Grumman, The Hertz Corp., of counsel), New York City, for plaintiff.

Cowan, Liebowitz & Latman, P.C. (J. Christopher Jensen and Richard S. Mandel, of counsel), and McDonough Marcus Cohn & Tretter, P.C. (Franklin E. Tretter, of counsel), New York City, for defendant.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Hertz Corporation ("Hertz") brings this action for damages and equitable relief against defendant Avis Rental Car Company ("Avis") for alleged violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1982) and §§ 349 and 350 of the N.Y.Gen.Bus. Law (McKinney 1988), respectively. More specifically, Hertz claims that Avis, a primary competitor in the car leasing business, effected false descriptions and made false representations in various travel agent trade magazines by

announcing that its services were superior to those provided by Hertz. Hertz and Avis cross-move for summary judgment.

## FACTS

Both Hertz and Avis solicit the business of travel agents and agencies as intermediaries to procure consumer and corporate car renters. It is uncontested that the business generated with the aid of travel agents comprises the principal source of revenue for the car rental businesses. Plaintiff's 3(g) Statement, annexed to Motion for Summary Judgment, ¶¶ 3–4 (hereinafter "3(g) Statement"). Such travel agents are recompensed solely through commissions. *Id.* Indeed, travel agents allegedly account for full half of Hertz' car rental transactions. Complaint ¶ 8. Timely payment of commissions, of course, is of utmost importance to travel agents; and Hertz argues that the reputation for such timely payment impacts on which services travel agents choose to book.

In mid-December of 1987, Avis began a major advertising campaign directed at travel agents and agencies. 3(g) Statement, ¶ 5. Specifically, Avis ran an advertisement in several major travel-agent trade magazines touting its ability to reimburse agents up to two and one-half times faster than, among others, Hertz. 3(g) Statement, ¶¶ 5–6. Hertz claims that the advertisement is false and unsubstantiated by valid statistical data. Complaint ¶ 14. Moreover, Hertz claims that it has since engaged a more efficient payment method; with the assistance of new computers, it is now able to pay its agents' commissions faster than Avis. Avis has since pulled the contested advertisement, upon Hertz' request, mooting Hertz' application for injunctive relief.

## DISCUSSION

▉ Any person who "uses a false description or representation in connection with goods *placed in commerce* 'shall' be liable" to persons who are damaged or likely to be damaged by such falsehood. *Coca–Cola Co. v. Tropicana Products, Inc.*, 690 F.2d 312, 314 (2d Cir.1982) (emphasis supplied). Advertising that is not misconceived, misunderstood, or that fails to reach the consuming public does not come within the purview of the Lanham Act, which is aimed primarily at consumer protection. *See, e.g., National Association of Pharmaceutical Manufacturers, Inc. v. Ayerst Laboratories, Division of/and American Home Products Corp.*, 850 F.2d 904, 917 (2d Cir.1988) (citing *American Home Products v. Johnson & Johnson*, 577 F.2d 160, 165 (2d Cir.1978)). Thus, the basic issue to be determined here is whether travel agencies are "consumers" of car rental services within the meaning or purview of the Lanham Act.

Hertz argues that travel agents are a subclass of the consuming public in that they are consumer-solicitors for car rental companies. Travel agents, however, are simply a discreet class of intermediary sellers and as such are not part of the consuming public. *See Frito–Lay, Inc. v. The Bachman Co.*, 659 F.Supp. 1129, 1142 (S.D.N.Y.1986) (intermediate super-markets, selling food products to consumers are not themselves "consumers" of those products required under § 43(a) of the Lanham Act); *see also Azby Brokerage, Inc. v. Allstate Insurance Co.*, 681 F.Supp. 1084, 1089 (S.D.N.Y.1988) (class of independent insurance brokers had no standing as consumers under New York consumer protection law). Accordingly, I find that travel agents and agencies, which Hertz enlists as intermediary solicitors of business, cannot be recognized as "consumers" either under the Lanham Act or under New York's Gen Bus Law. There is no need for the protection of these statutes for such intermediaries. Being more sophisticated about the services that car rental companies provide than the consuming public, travel agents deal with rental companies on a different footing and they are less apt to be misled by false claims, particularly where these claims do not deal with the services available to the ultimate consumer.

▉ In addition, "to prevail on a misrepresentation claim under § 43(a) of the Lanham act, a plaintiff must prove that the defendant misrepresented an inherent quality or characteristic of the defendant's

**172**

product." *National Association of Pharmaceutical Manufacturers, Inc.,* 850 F.2d at 917. An advertisement that appears in a trade industry travel magazine, claiming that commissions are more promptly paid to agents by one car rental agency than another, does not pertain to an inherent quality of the service of car renting per se.

Inherent to the business of car rentals are the services provided directly to the consumer. Simply because a travel agent may choose to engage the service of one rental company over another, based on the belief that speedier commission payments will follow, does not go to the inherent quality of car renting. *See Frito–Lay, Inc.,* 659 F.Supp. at 1142. Proof is required that actual consumers were misled by advertising. Because no such proof has been submitted and Avis' advertisement apparently never reached the consuming public, the merits of whether the advertisements had a substantial and well-grounded statistical base need not be reached.

The same standard, requiring that misrepresentations affect consumers directly, adheres under New York Gen.Bus.L. §§ 349 and 350 as well. "The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Genesco Entertainment, Inc. v. Koch,* 593 F.Supp. 743, 751 (S.D.N.Y.1984) (Weinfeld, J.). As aforementioned, I must reject Hertz' contention that travel agents and agencies are consumers.

For the foregoing reasons, I find that Hertz fails to assert facts sufficient to support a Lanham Act claim. Hertz' motion for summary judgment is denied. Avis' motion for summary judgment is therefore granted and Hertz' Lanham Act claim is dismissed. Hertz' ancillary state claims fail as well. The complaint is dismissed in its entirety.

SO ORDERED.