■ JOHN CICCOLO, JR., Appellant, v CHICAGO RESEARCH AND TRADING GROUP LIMITED et al., Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered on or about May 9, 1989, granting defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action of the complaint and to strike paragraphs 9 through 14 and paragraph 23 of the complaint, and order of said court, entered October 2, 1989, granting defendants' motion, pursuant to CPLR 3024 (b), to strike allegations contained in paragraph 12 of the amended complaint, are unanimously affirmed, without costs.

The IAS court properly determined that the fifth cause of action failed to state a viable claim for tortious interference with business relations or for intentional misrepresentation. The alleged wrongful conduct by the defendants, plaintiff's former employers, in attempting to mislead the Federal Reserve Bank in connection with their application to be appointed a primary dealer of United States Government securities, would not have interfered with any identifiable business relationship then existing between the plaintiff and a third party. *(Guard-Life Corp. v Parker Hardware Mfg. Co.,* 50 NY2d 183 [1980]; *Sommer v Kaufman,* 59 AD2d 843 [1st Dept 1977].)* Moreover, the complaint failed to plead in detail a cause of action for fraud as required by CPLR 3016 (b). *(Greschler v Greschler,* 51 NY2d 368 [1980]; *Lanzi v Brooks,* 54 AD2d 1057 [3d Dept 1976], *affd* 43 NY2d 778 [1977].)*

Similarly, the IAS court properly dismissed the sixth cause of action alleging that the defendants had engaged in deceptive acts or practices which intentionally misled plaintiff and the Federal Reserve Bank in violation of New York General Business Law § 349. It is well settled that the purpose of that

statute is to protect the public and to provide a remedy for injuries resulting from consumer fraud. *(Azby Brokerage v Allstate Ins. Co.,* 681 F Supp 1084 [SD NY 1988]; *Genesco Entertainment v Koch,* 593 F Supp 743 [SD NY 1984]; *Waste Distillation Technology v Blasland & Bouck Engrs.,* 136 AD2d 633, 634 [2d Dept 1988].)

Finally, the scandalous or prejudicial matter unnecessarily inserted in the amended complaint, which is substantially the same matter ordered deleted from the original complaint, was properly stricken pursuant to CPLR 3024 (b). *(Wegman v Dairylea Coop.,* 50 AD2d 108, 111 [4th Dept 1975], *lv dismissed* 38 NY2d 918 [1976].)* Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.