■ ROSE SCAVO, Respondent, v ALLSTATE INSURANCE COMPANY et al., Appellants. [657 NYS2d 193] —In an action, *inter alia*, to recover damages for fraud, breach of contract, and violation of General Business Law § 349, the defendants appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated August 16, 1996, which (1) denied those branches of their motion which were to dismiss the first, second, third, fourth, sixth, and eleventh causes of action and so much of the complaint as sought punitive damages, and (2) granted the plaintiff's cross motion for leave to amend her complaint.

Ordered that the order is modified by (1) deleting therefrom the provision denying those branches of the defendants' motion which were to dismiss the first, second, third, sixth, and eleventh causes of action and so much of the complaint as sought punitive damages, and substituting therefor a provision granting those branches of the motion, and (2) deleting therefrom the provision granting the plaintiff's cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

On September 18, 1993, the plaintiff's house was damaged by fire. The next day, the plaintiff's son-in-law, Joseph Bologna, contacted the insurer, the defendant Allstate Insurance Company (hereinafter Allstate), to inform it of the loss. Thereafter, on several occasions Bologna met with the defendant Philip Genova, an Allstate representative, to discuss settlement of the claim. Genova's conduct at those meetings and Allstate's subsequent actions form the basis of the plaintiff's allegations of fraud, bad faith, and deception. Essentially, the plaintiff alleged in her complaint and in the affidavit given in opposition to Allstate's motion to dismiss that Genova attempted to engage the plaintiff in a fraudulent scheme to obtain kick-backs. When the plaintiff refused to participate in the scheme, Allstate responded with various retaliatory measures, including delaying payment on the claim and failing to renew her policy.

Viewing the complaint in the favorable light to which it is entitled on a motion to dismiss, the plaintiff has failed to allege the essential elements of a cause of action to recover damages for fraud (*see*, CPLR 3016 [b]; *Lanzi v Brooks*, 43 NY2d 778). In addition, the causes of action sounding in bad faith must also be dismissed, because the plaintiff failed to allege "egregious tortious conduct" directed at her (*see, Rocanova v*

*Equitable Life Assur. Socy.*, 83 NY2d 603, 615). While the conduct allegedly engaged in by Allstate may have violated the implicit contractual duties of good faith and fair dealing, no violation of a duty independent of the contract was alleged (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308).

The plaintiff's allegation that Allstate violated a duty "to act for and on behalf of the plaintiff", on its face, does not state a cause of action. Unlike the duty owed by an insurer to its insured in the context of defending or settling claims made by third parties, no similar duty exists in the context of a first-party claim (*compare, Samovar of Russia Jewelry Antique Corp. v Generali Gen. Ins. Co.*, 102 AD2d 279, *with Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445).

However, the plaintiff's cause of action alleging violation of General Business Law § 349, which seeks damages and attorney's fees, should not be dismissed at this stage of the litigation. While the plaintiff's allegations do not amount to a cause of action to recover damages for fraud, the scheme, which purportedly was designed to force the plaintiff and other insureds into using Allstate-affiliated contractors by means of misrepresentations, threats, and various retaliatory measures, is indicative of the deceptive practices that General Business Law § 349 was designed to prevent (*see, Riordan v Nationwide Mut. Fire Ins. Co.*, 977 F2d 47; *Sulner v General Acc. Fire & Life Assur. Corp.*, 122 Misc 2d 597).

The trial court erred in granting the plaintiff's cross motion to amend the complaint. Although leave to amend is freely granted (*see,* CPLR 3025 [b]), where the proposed amendments are patently lacking in merit so as to be wasteful of judicial resources, leave to amend should be denied (*see, McKiernan v McKiernan*, 207 AD2d 825). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.