**OCCIDENTAL CHEMICAL CORPORATION,**
Plaintiff,

v.

**OHM REMEDIATION SERVICES CORP., Defendant.**

No. 94–CV–959S(H).

United States District Court,
W.D. New York.

April 28, 1997.

James W. Gresens, Duke, Holzman, Yaeger & Photiadis, LLP, Buffalo, NY, for plaintiff.

Robert J. Lane, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, Charles M. Reifel, Bastianelli, Brown & Touhey, Washington, DC, for defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. William M. Skretny for all pretrial matters, including the hearing and disposition of non-dispositive motions, in accordance with 28 U.S.C. § 636(b)(1)(A). Plaintiff has filed a motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend the complaint to assert a claim under New York General Business Law (Item 48). By that same motion, plaintiff seeks an order pursuant to Fed.R.Civ.P. 37 compelling defendant to respond in full to plaintiff's discovery requests, and seeks leave pursuant to Fed.R.Civ.P. 30 to conduct additional depositions. Argument of plaintiff's motion was heard on April 15, 1997.

On April 17, 1997, this court issued an order (Item 56) confirming certain rulings made during the oral argument, and reserving decision on the motion for leave to amend and "on that portion of the motion to compel which relates to documents which would only be relevant if the motion to amend the complaint were granted." What follows is the court's ruling on plaintiff's motion to amend and those portions of the motion to compel previously reserved for decision.

### BACKGROUND

The original complaint in this action was filed on December 30, 1994. Plaintiff seeks damages for defendant's alleged breach of a written contract for environmental cleanup at the Little Niagara River inlet to the Durez Inactive Hazardous Waste Disposal Site (the "Durez Inlet"). Jurisdiction is based on diversity of citizenship. According to the complaint, the cleanup was mandated by a partial consent judgment approved by Hon. John T. Curtin in *State of New York v. Occidental Petroleum*, 83–CV–552C (W.D.N.Y.).

On March 3, 1995, prior to the filing of responsive pleadings, plaintiff filed an amended complaint in which the factual allegations and the claims for relief were significantly expanded (Item 4). Plaintiff alleges that on October 6, 1993, the parties executed a written contract which provided that defendant would complete its work on the remediation project by May 27, 1994. Plaintiff alleges that defendant's performance of the work was late and incomplete, causing plaintiff to incur damages in the amount of over $8.8 million.

On April 6, 1995, defendant filed its answer to the amended complaint and asserted several counterclaims. The counterclaims seeks over $9 million in damages for breach of contract and warranty, based on the claim that plaintiff misrepresented or failed to disclose material conditions, characteristics and specifications of the work to be performed at the Durez Inlet (Item 6). On July 18, 1995, plaintiff filed its reply to defendant's counterclaims (Item 13). The parties have engaged in extensive discovery during the course of this litigation. The court has issued several amended scheduling orders. The discovery deadline is currently set for June 16, 1997, and the trial date is October 14, 1997.

On March 6, 1997, plaintiff filed its motion to amend the pleadings and to compel further discovery. According to plaintiff, it has obtained information during the course of discovery which suggests that defendant has engaged in a practice by which it "low balls" bids for remediation projects (including the Durez Inlet project) and then submits change orders or claims for extra work in order to increase its profits. Plaintiff contends that this practice constitutes a deceptive business practice in violation of New York General Business Law § 349. Plaintiff seeks discovery of documents and deposition testimony relevant to this proposed claim. Defendant objects to both the amendment of the plead-

ings and the further discovery sought by plaintiff.

## DISCUSSION

### I. Motion to Amend.

▮▮ Rule 15 of the Federal Rules of Civil Procedure provides that once time for amending a pleading as of right has expired, a party may request leave of court to amend, which "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). If the underlying facts or circumstances relied upon by a party may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *United States v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir.1989). Leave to amend should be denied, however, if the proposed amendment would be futile. *Albany Insurance Co. v. Esses*, 831 F.2d 41, 45 (2d Cir.1987). When considering whether a proposed amendment would be futile, courts generally apply an analysis comparable to that governing a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block—Building 1 Housing Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir.1979); *Deem v. Lockheed Corp.*, 749 F.Supp. 1230, 1235 (S.D.N.Y.1989).

In this case, defendant argues that granting plaintiff leave to add a claim under New York General Business Law § 349 would be futile since plaintiff is not a member of the class which that statute was designed to protect—*i.e.*, consumers. Section 349 provides in pertinent part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

     \*     \*     \*     \*     \*     \*

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

N.Y. Gen. Bus. Law § 349 (McKinney 1997).

This statute has been construed by the courts to be a consumer protection law inapplicable to "business-versus-business disputes ... where the party asserting the claim is not acting in a consumer role." Richard A. Givens, Supplementary Practice Commentary, N.Y.Gen.Bus.Law §§ 349–350, at 129 (McKinney Supp.1994), *quoted in Logan & Kanawha Coal Company, Inc. v. Banque Francaise du Commerce Exterieur*, 868 F.Supp. 63, 68 (S.D.N.Y.1994). The leading opinion discussing the scope of this section is *Genesco Entertainment v. Koch*, 593 F.Supp. 743 (S.D.N.Y.1984), in which Judge Weinfeld wrote:

The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising. The consumer oriented nature of the statute is evidenced by the remedies it provides.... The New York cases where plaintiffs have recovered under section 349(h) further reflect its consumer orientation since they uniformly involve transactions where the amount in controversy is small. That the deceptive practices this statute seeks to combat involve recurring transactions of a consumer type is further supported by the origin of the statute. Section 349(h) is substantially modelled on the Federal Trade Commission Act [15 U.S.C. § 45].

*Genesco Entertainment, supra*, 593 F.Supp. at 751–52 (citations omitted).

▮▮ As these cases instruct, in order to plead and prove a claim for relief under this statute, the plaintiff "must, at the threshold, charge conduct that is consumer oriented." *New York University v. Continental Insurance Co.*, 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995); *Oswego Labor-*

ers' *Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995). The conduct need not be repetitive or recurring, but the defendant's acts or practices must have a broad impact on consumers at large. "Private contract disputes unique to the parties ... would not fall within the ambit of the statute." *Oswego Laborers' Local 214, supra,* 85 N.Y.2d at 25, 623 N.Y.S.2d 529, 647 N.E.2d 741. The plaintiff must therefore plead and prove injury to the public generally, not just to himself. *Oboler v. Insurance Co. of North America,* 1994 WL 414438, at *3 (S.D.N.Y. August 5, 1994); *see also Grand General Store, Inc. v. Royal Indem. Co.,* 1994 WL 163973, at *3 (S.D.N.Y. April 15, 1994)(conclusory allegations of the existence of an insurance claim settlement policy designed to deceive the public at large insufficient to state ·claim under § 349); *Tinlee Enterprises, Inc. v. Aetna Casualty & Surety Co.,* 834 F.Supp. 605, 608–09 (E.D.N.Y.1993)(allegations of unfair insurance claims settlement practices insufficient to state claim under § 349); *Azby Brokerage, Inc. v. Allstate Ins. Co.,* 681 F.Supp. 1084, (S.D.N.Y.1988)(complaint alleging injury to class of independent insurance brokers who lost their commissions, rather than to consumers or the public interest, did not state a cognizable claim under § 1983); *cf. Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47, 53 (2d Cir.1992)(specific allegations of insurance claim settlement policy designed to deceive public at large stated claim under § 349).

■ In this case, the proposed claim alleges as follows:

Upon information and belief, [defendant] has engaged in deceptive acts, practices, or procedures of submitting "low ball" bids on other lump sum or fixed price contracts to induce owners to award contracts to [defendant] while [defendant] harbored the secret intent of obtaining extra-contract monies by later submitting change orders or claims for extra work based on fabricated assertions of differing site conditions,

misrepresentations and/or defective specifications. ·

(Item 48, Ex. A, ¶ 25). These allegations are insufficient to state a claim for relief under § 349 of the General Business Law. The proposed claim does not allege any injury to consumers or to the public interest. At best, it alleges "[u]pon information and belief" injury to a class of businesses needing environmental remediation.

In addition, it is clear that the contract for the Durez Inlet project involves "complex arrangements, knowledgeable parties and large sums of money." *Genesco Entertainment, supra,* 593 F.Supp. at 752. Defendant's alleged business practices are clearly "different in kind and degree from those that confront the average consumer who requires the protection of a statute against fraudulent practices." *Id.*

Finally, the proposed claim alleges that defendant's deceptive business practices caused plaintiff to suffer damages "in an amount in excess of $7 million dollars ..." (Item 48, Ex. A, ¶ 30). On the face of the statute, recovery under § 349 is limited to a maximum of $1,000 dollars for a willful violation.

Accordingly, plaintiff's motion for leave to amend its pleadings is denied on the basis that plaintiff has failed to allege facts which would entitle it to relief under § 349 of the New York General Business Law.

## II. Motion to Compel Discovery Related to the § 349 Claim.

Plaintiff's motion to compel seeks information related to its proposed § 349 claim, as requested in its third request for production of documents and Item No. 6 of its Rule 30(b)(6) deposition notice.

In its third request for production of documents, plaintiff set forth ten separate categories of documents relating to (among other things) defendant's overall sales, marketing techniques, business planning and bidding practices (Item 48, Ex. B).[1] In Item No. 6 of its Rule 30(b)(6) deposition notice, plaintiff

---

1. Item No. 10 of the third request for documents sought the production of the personnel files of 18 individual employees. The court's April 17, 1997 order addressed this aspect of plaintiff's motion to compel (*see* Item 56).

sought the designation of a deposition witness with knowledge or information of "[o]ther matters in which [defendant] is involved in litigation, or presenting claims for extra compensation in lump sum projects during the time period 1992 through 1996" (Item 48, Ex. D, ¶ 6). Plaintiff asserts that the information sought by these discovery requests is necessary and relevant to its proposed claim of deceptive business practices.

Because plaintiff's motion to add a claim for deceptive business practices has been denied, plaintiff's motion to compel is likewise denied to the extent that it pertains to discovery related to that claim.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend and to compel discovery (**Item 48**) is DENIED.

**SO ORDERED.**