■ Dorian Kermisch et al., Appellants, v Avis Rent a Car Systems, Inc., Respondent.—Order·unanimously modified and, as modified, affirmed, with costs to plaintiffs. Memorandum: Plaintiffs, New York residents, planned a vacation in Rumania and through their local travel agent reserved a French-made Renault 12 rental automobile from defendant, Avis Rent a Car System, Inc. Upon their arrival in Rumania in July, 1978, no Renault 12 was available and plaintiffs were provided with a Rumanian-made Dacia 1300 which proved to be defective. When they attempted to return the car

they learned that Avis had no representative in Rumania and that the car had been rented from the Rumanian government. They used the car, although its defective condition curtailed their plans, and returned it on schedule at the airport. A small dent was discovered on the car which was fully insured. After the plaintiffs and their two children cleared passport control and were waiting to enplane, a uniformed militia colonel forceably removed their passports, airline tickets and boarding passes from the hands of plaintiff Dorian. His passport and boarding pass were retained and he was removed from the passenger's lounge and detained, because of the dent on the automobile. He was "threatened" by representatives of the Rumanian government and advised that he would not be able to leave the country until he paid for the damage. Plaintiffs commenced this action in the Supreme Court, Monroe County, against Avis asserting five causes of action: (1) that Avis intentionally and fraudulently represented that it was in the business of renting cars in Rumania and induced plaintiff to believe that they would be dealing with Avis rather than a Communist government, (2) that Avis misrepresented the make of automobile to be rented, although it knew or should have known that only an inferior car not properly maintained and lacking minimum safety equipment could be rented, (3) that plaintiff Dorian was falsely arrested and harassed because of the acts and omissions of Avis, (4) that plaintiff Dorian was falsely arrested and harassed by Avis' undisclosed principal and agents acting within the scope of their employment, and (5) that Avis was negligent in making careless representations to plaintiffs and in failing to warn them that an inferior car would be rented from a Communist government whose policy is to "detain, harass, threaten and arrest people" who fail to return rental cars in "mint" condition. Plaintiffs seek $145,000 in compensatory damages and $130,000 in punitive damages. We hold that Special Term erred in dismissing the complaint on the ground of *forum non conveniens* and for failure to state a cause of action. New York is not an inconvenient forum as opposed to Rumania within the meaning of CPLR 327. Plaintiffs are residents of this State and Avis is a United States corporation doing business within the State of New York. Proof relating to the alleged misrepresentation by Avis and plaintiffs' reliance thereon is located or discoverable in New York. Other evidence, however, relating to the incidents which occurred abroad including the damage allegedly sustained by the plaintiffs is located in Rumania. Neither forum is perfect because of the difficulty in obtaining evidence and witnesses located in the other jurisdiction. Yet, in balancing the interest and convenience of the parties, the action could better be adjudicated in New York. Plaintiffs claim that no forum is available for this type of civil suit in Rumania. Avis has submitted no proof or allegation that Rumania is an available alternative forum. This leads inexorably to the conclusion that there is no relevant alternative forum, "a precondition to dismissal for *forum non conveniens*" (*Stein v Siegel,* 50 AD2d 916, 917). A sufficient nexus to this State has been presented and the absence of an available forum elsewhere more than balances any undue hardship which Avis claims that the suit entails here. Special Term abused its discretion in impliedly holding that a forum other than New York is available "which will best serve the ends of justice and the convenience of the parties" (*Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361; see, also, Siegel, New York Practice, § 29, p 29). Defendant's original motion to dismiss plaintiff Nira's cause of action was expanded by the court to a motion to dismiss the entire complaint on the ground of failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7). Plaintiffs claim no substantial prejudice and

presented legal arguments sustaining the sufficiency of the complaint. Therefore, we treat the motion as having specified the correct grounds. On a motion to dismiss a complaint for failure to state a cause of action, the pleading must be deemed to allege whatever may be implied from its statements by reasonable intendment *(Foley v D'Agostino,* 21 AD2d 60), and the pleader is entitled to every favorable inference that might be drawn *(Westhill Exports v Pope,* 12 NY2d 491). Plaintiffs' first and second causes of action are based on misrepresentation and contain allegations of the essential elements of the tort—"representation of a material existing fact, falsity, *scienter,* deception and injury" *(Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 407). The fifth cause of action states a sufficient claim for negligent misrepresentation (see, generally, *International Prods. Co. v Erie R. R. Co.,* 244 NY 331; Prosser, Law of Torts [4th ed], § 107). However, the third and fourth causes of action, allegedly for false arrest, fail to state a cause of action because there is no direct connection between Avis and the purported detention by officials of the Rumanian government. Furthermore, there is no allegation (and there cannot reasonably be one) that Avis intended to confine plaintiff Dorian without which there is no cause of action for false imprisonment *(Parvi v City of Kingston,* 41 NY2d 553; *Broughton v State of New York,* 37 NY2d 451, 456). In addition, the plaintiffs' allegation that an agent can be vicariously liable for the tortious acts of the principal is without support in the law *(Dorkin v American Express Co.,* 74 Misc 2d 673, affd 43 AD2d 877; 2 NY Jur, Agency, § 286). (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present —Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.