■ LAWRENCE CARP, Appellant, v SHARON L. MARCUS, as Administratrix of the Estate of PATRICIA A. MARCUS, Deceased, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered March 29, 1984 in Tompkins County, which granted defendant's motion to dismiss the complaint and enjoined plaintiff from commencing any further civil actions against Sharon or Stanley Marcus without the aid of an attorney.

Plaintiff, the tenant under the terms of a written lease agreement entered into between himself and decedent, brought this action for breach of the lease agreement claiming physical and emotional damages allegedly suffered as a result of an assault and other conduct perpetrated by decedent's husband while plaintiff was on the leased premises.

The first cause of action is premised on an alleged breach of a paragraph of the lease agreement which provided that the landlord would use reasonable measures to maintain security on the premises to protect the occupants from crimes. Plaintiff's second cause of action is based on Real Property Law § 235-b (1), which provides for an implied warranty of habitability in every lease agreement for residential premises. This warranty includes protecting tenants from dangerous or unsafe conditions. Defendant, the administratrix of decedent's estate, moved to dismiss the complaint for failure to state a cause of action. Special Term granted the motion and this appeal ensued.

The scope of our review of a motion pursuant to CPLR 3211 (a) (7) is limited. We must construe the complaint liberally in plaintiff's favor and accept the allegations as true. If it is possible for plaintiff to recover upon the facts alleged, defendant's motion to dismiss on the basis of failure to state a cause of action must be denied (*Roland Pietropaoli Trucking v Nationwide Mut. Ins. Co.*, 100 AD2d 680). Although the record contains numerous affidavits raising factual contentions, these are beyond the scope of our review of this motion, which is addressed only to the pleadings (*Holly v Pennysaver Corp.*, 98 AD2d 570, 573). Construing the complaint liberally, we find that plaintiff has sufficiently stated causes of action for a breach of both the express contractual provision and the statutorily implied warranty.

We have reviewed defendant's other contentions raised on her motion to dismiss and find them to be without merit.

Defendant also sought injunctive relief to prevent plaintiff from commencing new actions for essentially the same relief unless represented by counsel. Special Term's order granted that relief. Having decided the primary issue of the appeal as we have, we must reverse this provision of the order without prejudice to a future motion for the same or similar relief should the circumstances warrant such relief.

Order reversed, on the law, without costs, and motion denied. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.