■ MARILYN ZAHLER, Respondent, v NIAGARA COUNTY CHAPTER OF THE NEW YORK STATE ASSOCIATION FOR RETARDED CHILDREN, INC., Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff and defendant entered into a written contract of employment under which plaintiff was hired as defendant's executive director. This suit arises from defendant's termination of plaintiff's employment prior to the expiration of the original contract term.

Defendant appeals from an order granting plaintiff's motion to amend her complaint to assert three causes of action. The first cause of action alleges breach of the employment contract and seeks money damages. The second reasserts the allegations of the first and seeks reinstatement of plaintiff's employment. The third reasserts the allegations of the first, alleges that defendant acted with malicious purpose to cause harm to plaintiff, and seeks punitive damages.

Defendant challenges the sufficiency of the second and third causes of action. Ordinarily, leave to amend a complaint to state additional causes of action should be liberally granted. However, when, as here, "a substantial question is raised as to the sufficiency or meritoriousness of a proposed pleading or matter contained therein * * * such question should be resolved at the threshold in order to obviate the possibility of needless time consuming litigation" (*Sharapata v Town of Islip*, 82 AD2d 350, 362, *affd* 56 NY2d 332; *Andersen v University of Rochester*, 91 AD2d 851, *appeal dismissed* 59 NY2d 968).

The order must be modified to deny leave to plead the second and third causes of action. The second cause of action

is identical with the first except that it asks for specific performance of the employment contract. "The equitable remedy of specific performance is available in the court's discretion generally when the remedy at law, damages, would be inadequate" (*Matter of Burke v Bowen,* 40 NY2d 264, 267). Since plaintiff states a valid cause of action for wrongful termination of her employment in her first cause of action, full redress for breach of the contract is available by an award of damages. Additionally, in light of the hostility between the parties, it would be inappropriate to order reinstatement of plaintiff to her employment position.

Similarly, leave should not have been granted plaintiff to state the third cause of action under which plaintiff seeks to convert her breach of contract claim into a tort claim. "A breach of contract does not give rise to a tort action * * * in the absence of special additional allegations of wrongdoing" (*Wegman v Dairylea Coop.,* 50 AD2d 108, 112, *lv dismissed* 38 NY2d 918). Plaintiff's allegation that the breach of contract was intentional and that defendant's acts were "malicious and undertaken for the malicious purpose of causing harm to the Plaintiff" cannot convert the action from one in contract to one in tort (*Burlew v American Mut. Ins. Co.,* 99 AD2d 11, 16, *affd* 63 NY2d 412; *Charles v Onondaga Community Coll.,* 69 AD2d 144, 146-148; *Wegman v Dairylea Coop., supra*).

Finally, since the only valid cause of action pleaded is one for breach of contract, punitive damages are not recoverable (*Charles v Onondaga Community Coll, supra,* p 149). Plaintiff alleges only a private wrong; she "does not seek to vindicate a public right or deter morally culpable conduct" (*Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907).

With this disposition, there is no need to address other issues raised by defendant.—(Appeal from order of Supreme Court, Erie County, Kuszynski, J.—amend complaint.) Present —Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ.