■ QUAIL RIDGE ASSOCIATES, Appellant, v CHEMICAL BANK, Respondent.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order and judgment of the Supreme Court (Dickinson, J.), entered May 11, 1989 in Putnam County, which granted defendant's motion to partially dismiss the complaint.

On September 18, 1987, plaintiff and defendant entered into an agreement whereby defendant agreed to loan plaintiff $22.3 million to finance plaintiff's acquisition and development of real property for a condominium complex located in the Town of Kent, Putnam County. In conjunction with the loan, the parties executed a building loan agreement (hereinafter the agreement) which specified the terms under which money would be advanced to plaintiff. Particularly relevant here is paragraph 10 of the agreement, which provides that defendant is not obligated to make any advance of the loan if, in its sole opinion, the balance of the loan yet to be advanced is, at any time, less than the actual sum which would be required to complete construction. The difference between the amount yet

to be advanced and the actual sum needed to complete the project is defined in paragraph 10 as the "deficiency".

By letter dated July 19, 1988, plaintiff was advised that it had 10 days to cure a deficiency or defendant would consider it to be in default. Plaintiff objected to the deficiency determination, and the parties debated the existence and the amount of the deficiency throughout the fall of 1988. Thereafter, plaintiff was advised that if the deficiency was not cured by December 31, 1988, defendant would accelerate the loan. Plaintiff responded by commencing this action. Defendant then accelerated the loan, demanding repayment of approximately $3.6 million already advanced to plaintiff, together with interest.

Plaintiff's complaint asserted 10 causes of action, seeking recovery based on theories of (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) negligence, (4) prima facie tort, (5) tortious interference with contract and precontractual relations, (6) fraudulent misrepresentation, (7) negligent misrepresentation, (8) economic duress, (9) deceptive trade practices, and (10) prospective misconduct. Plaintiff also set forth a claim for punitive damages. Defendant moved to dismiss plaintiff's second through tenth causes of action pursuant to CPLR 3211 (a) (7) and to strike the demand for punitive damages. Supreme Court granted defendant's motion in all respects. Plaintiff now appeals.

On a motion to dismiss brought pursuant to CPLR 3211 (a) (7), the scope of our review is limited. We must construe the complaint liberally in plaintiff's favor, accept the facts alleged as true *(Carp v Marcus,* 112 AD2d 546), and determine whether the facts alleged fit within any cognizable legal theory *(Morone v Morone,* 50 NY2d 481, 484). The rule that the facts alleged are presumed to be true does not apply, however, to legal conclusions or to factual claims which are either inherently incredible or flatly contradicted by documentary evidence *(SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 331). Moreover, where, as here, the parties have submitted evidentiary material, the pertinent issue is whether plaintiff has a cause of action, not whether he has properly stated one *(see, Brown v State of New York,* 125 AD2d 750, 751, *lv dismissed* 70 NY2d 747). Thus, to determine if any cause of action cognizable at law can be discerned from the allegations set forth in plaintiff's second through tenth causes of action, we shall also review the affidavit submitted by Jack Heller, plaintiff's president.

In our view, Supreme Court properly dismissed plaintiff's

second cause of action alleging, *inter alia,* that "[d]efendant's commercially unreasonable and unjustified determination of the * * * alleged deficiency" constituted bad faith and unfair dealing in violation of UCC 1-203 and 1-208. Plaintiff may allege bad faith as part of its breach of contract claim, but bad faith does not provide an independent basis for recovery *(see, Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604) given that it is a " 'disqualifying factor as distinguished from a liability-imposing factor' " *(supra,* at 605-606, quoting 1 Anderson, Uniform Commercial Code § 1-203:14, at 382-383 [3d ed]).

The third cause of action sounds in negligence and alleges that defendant owed a duty to plaintiff to exercise due care in the administration of the loan. It is well settled that "a tort may accompany a breach of contract * * * only where the contract creates a relation out of which springs a duty, *independent of the contract obligation,* and that independent duty is also violated" *(Luxonomy Cars v Citibank,* 65 AD2d 549, 550 [emphasis supplied]; *see, Vought v Teachers Coll.,* 127 AD2d 654, 655; *Zahler v Niagara County Ch. of N. Y. State Assn. for Retarded Children,* 112 AD2d 707, 708). Here, plaintiff's wholly conclusory allegation that "[d]efendant * * * negligently * * * administered the loan by determining that [a] deficiency existed * * * prematurely" does no more than "assert violations of a duty which is identical to and indivisible from the contract obligations" *(Luxonomy Cars v Citibank, supra,* at 550). Thus, the third cause of action was properly dismissed.

Plaintiff's attempt to state a cause of action in prima facie tort must fail on two grounds. First, defendant's valid business interests preclude the essential finding that "disinterested malevolence" is the sole motive for defendant's otherwise lawful act *(Curiano v Suozzi,* 63 NY2d 113, 117; *see, Matter of Schulz v Washington County,* 157 AD2d 948, 950). Second, plaintiff has not pleaded special damages with sufficient particularity *(see, Luxonomy Cars v Citibank, supra,* at 550) to sustain the cause of action.

We also agree with Supreme Court's dismissal of the fifth cause of action, seeking relief for intentional interference with contract and with precontractual business relations. Notably, there is no reference here to any particular contract with a third party; nor is it alleged that defendant was aware of and interfered with any such contract *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 108 AD2d 351, 354). Moreover, to be actionable, intentional interference with pre-

contractual business relations must be effected by unlawful means or, under the theory of prima facie tort, by lawful means without justification *(see, Mandelblatt v Devon Stores,* 132 AD2d 162, 168). A review of plaintiff's complaint fails to disclose any allegations of "unlawful" means used by defendant to interfere with any relationship plaintiff had with third parties and, as noted, plaintiff's prima facie tort theory is not viable.

Plaintiff's ninth cause of action, alleging deceptive trade practices under General Business Law § 349 (a), was also properly dismissed. As enacted, that statute was designed to protect consumers from various forms of consumer fraud and deception. Patterned after the Federal Trade Commission Act, it only prohibits those deceptive practices which are of a recurring nature and affect the public interest *(see, Genesco Entertainment v Koch,* 593 F Supp 743, 752). In view of the patently complex nature of this multimillion dollar transaction, demonstrated by the agreement itself *(see, SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 331, *supra),* we conclude that this is a commercial transaction of the " 'single shot' " type *(Genesco Entertainment v Koch, supra,* at 752), outside the scope of General Business Law § 349 (a) *(supra; but see, Schroders, Inc. v Hogan Sys.,* 137 Misc 2d 738, 742).

Given the absence of an allegation that defendant threatened to break its agreement by withholding performance in order to extract further concessions from plaintiff, the eighth cause of action sounding in economic duress cannot stand *(see, 805 Third Ave. Co. v M. W. Realty Assocs.,* 58 NY2d 447, 451). Paragraph 10 of the agreement, authorizing defendant to condition the advance of additional moneys on plaintiff's curing the deficiency, must prevail over the conclusory allegations of the complaint *(supra).* Similarly, the sixth cause of action alleging that defendant fraudulently induced plaintiff to contract was inadequately pleaded. Where, as here, "the only fraud charged relates to a breach of contract" *(Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607), a cause of action for fraud does not arise *(supra).* Furthermore, a review of the complaint reveals that plaintiff did not supply any details as to how the alleged fraud was perpetrated, as required by CPLR 3016 (b) *(see, Penna v Caratozzolo,* 131 AD2d 738, 739). The seventh cause of action purporting to state a claim for negligent misrepresentation appears to be a cross between plaintiff's negligence cause of action and fraudulent misrepresentation cause of action. This claim, however, suffers from the same infirmities as plaintiff's fraud cause of action.

Again, CPLR 3016 (b) requires "misrepresentation" claims to be pleaded "in detail". Plaintiff's tenth cause of action, seeking recovery because defendant "intends to declare plaintiff in default" was also properly dismissed (see, Lanzi v Brooks, 54 AD2d 1057, 1058, affd 43 NY2d 778) and is now moot in any event.

Finally, inasmuch as the only valid cause of action pleaded is for breach of contract, the motion to dismiss any claim for punitive damages was properly granted (see, Zahler v Niagara County Ch. of N. Y. State Assn. for Retarded Children, 112 AD2d 707, 708, supra; Charles v Onondaga Community Coll., 69 AD2d 144, 149, appeal dismissed 48 NY2d 650). Plaintiff alleges only a private wrong; it "does not seek to vindicate a public right or deter morally culpable conduct" (Halpin v Prudential Ins. Co., 48 NY2d 906, 907; see, Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196; Luxonomy Cars v Citibank, 65 AD2d 549, 551, supra).

Order and judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.