■ HOLMES PROTECTION OF NEW YORK, INC., Formerly Known as HOLMES PROTECTION, INC., Respondent, v PROVIDENT LOAN SOCIETY OF NEW YORK, Appellant.

The third and seventh counterclaims based on General Business Law § 349 were properly dismissed, there being no evidence that plaintiff conducted any recurring deceptive business harmful to the public at large *(see, Azby Brokerage v Allstate Ins. Co.,* 681 F Supp 1084). General Business Law § 349 was not adopted to address private commercial disputes not of a recurring nature *(see, e.g., Rubin v Telemet Am.,* 698 F Supp 447, 451 [SD NY 1988]). The second and fifth counterclaims for breach of the implied covenant of good faith and fair dealing are insufficient, since they do not allege that plaintiff sought to prevent defendant's performance of the contracts or to withhold its benefits from defendant *(see, Collard v Incorporated Vil. of Flower Hill,* 75 AD2d 631, *affd* 52 NY2d 594). Indeed, it was defendant, not plaintiff, who terminated the agreements. The fourth counterclaim for fraud was properly dismissed, there being neither allegations nor proof of reliance by defendant on the allegedly fraudulent conduct *(see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403). Finally, there being no evidence that any of plaintiff's conduct arose from "malicious intention", the sixth counterclaim for prima facie tort was also correctly dismissed *(see, Azby Brokerage v Allstate Ins. Co., supra).* All of plaintiff's actions could have only been motivated by business self-interest.

We have considered all other issues raised on appeal and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.