■ EMILY M. BOXER, Appellant, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent.—Mikoll, J. P. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Braatz, J.), entered April 2, 1991 in Putnam County, which granted defendant's motion for, *inter alia,* summary judgment dismissing the complaint, (2) from the judgment entered thereon, and (3) from an order of said court, entered May 22, 1991 in Putnam County, which denied plaintiff's motion for reconsideration.

The primary question presented on this appeal is whether Supreme Court properly granted defendant's motion for summary judgment finding that, under exclusions in the title insurance policy issued by defendant, defendant did not breach its duty to defend plaintiff.

Plaintiff purchased at auction for $96,000 from the City of New York, under deed dated July 24, 1979, approximately 31 acres of real property partially fronting on Barrett Pond (hereinafter the pond) in the Town of Kent, Putnam County. The pond is a body of fresh water occupying approximately 73 acres. The property also includes a brook and dam. The dam serves to retain the pond's waters and separates the pond from the brook. Plaintiff's land is insured through a title insurance policy issued by defendant.

The dam was in need of repair and plaintiff obtained a permit from the Department of Environmental Conservation allowing her to lower the waters of the pond to accomplish the repair work on the dam. When other property owners abutting the pond observed the lowering of the pond's water level they commenced an action (hereinafter the underlying action) against plaintiff, her husband and their employee to enjoin them from lowering the pond waters and repairing the dam. After a hearing, Supreme Court issued an order permitting plaintiff to proceed with the lowering of the pond's water level and repair of the dam. During the pendency of the underlying action and before it was discontinued without prejudice, defendant disclaimed coverage under the title insurance policy and refused to defend plaintiff. Plaintiff then commenced the instant breach of contract action to compel defendant to defend her and for damages. Defendant moved to dismiss the complaint for failure to state a cause of action and for summary judgment based upon documentary evidence. Plaintiff cross-moved seeking, *inter alia,* partial summary judgment requiring defendant to defend the underlying action. Supreme Court held that the underlying action was excluded from coverage under the title insurance policy and granted defendant's motion for summary judgment without explicitly ruling on plaintiff's cross motion for partial summary judgment. Plaintiff then appealed from the court's order and the judgment entered thereon.

Plaintiff subsequently moved for reconsideration of her cross motion. Supreme Court denied the motion, finding that the claim for renewal was not based upon new evidence and that the claim for reargument was not convincing. Plaintiff has also appealed from this order.

Plaintiff's argument that Supreme Court erred in granting defendant summary judgment because the claim in the underlying action is not excluded from coverage under the title insurance policy is well taken. The title insurance policy exempts from coverage the maintenance of the pond waters "at the mean level * * * maintained by the City of New York since 1877". The underlying action sought relief for the lowering of the pond's water level to a point below its normal level. It was neither alleged nor proven by defendant that either the normal level was the mean level or that the water level of the pond was below its mean level. Contrary to the dissenters' view, we find the indefinite and ambiguous allegations in paragraph 2 of the complaint in the underlying action that "Barrett Pond is a body of water approximately seventy-three

(73) acres in size with an approximate average depth of between ten (10) and fifteen (15) feet and a maximum depth of 30 feet (the 'Usual Depth')" and of paragraphs 6 and 7 of the complaint referring only to the term "usual depth" to be too vague and indefinite in time and space to warrant the conclusion that the terms "mean level", "normal level", "average depth" and "usual depth" have the same meaning. The affidavit of Michael Schoolman, one of the plaintiffs in the underlying action, does not remove this vagueness, indefiniteness and ambiguity. Clearly, the described acts of plaintiff in lowering the water level have not been shown to come within the "mean level" exclusion.

Thus, based on the complaint and the evidence submitted, the alleged acts of plaintiff describe an occurrence potentially covered by the title insurance policy and defendant had the duty to defend plaintiff in the underlying action (see, *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936; *see also, Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 66). Moreover, an insurer has "the burden of proving that the incident and claim thereunder came within the exclusions of the policy" (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 327). Defendant did not do so here.

Crew III and Harvey, JJ., concur.

Casey, J. (dissenting). Implicit in the majority's holding is its conclusion that the term "mean level" contained in the relevant exclusion has some special meaning other than its common ordinary definition. The word mean is synonymous with the word average (see, Roget's International Thesaurus 32.3, at 16 [4th ed]; Black's Law Dictionary 1131 [4th ed 1968]), and there is nothing in either the insurance policy or the record on appeal to suggest that some other meaning was intended by the use of the word mean as a modifier of the word level in the exclusion. It is our view that the exclusion was intended to apply to the underlying action, which is based upon the following allegations:

"6. Upon information and belief, the Dam and the Usual Depth of Barrett Pond materially benefit plaintiffs who have improved their properties and continue to improve their properties in reliance upon the continued maintenance of Barrett Pond at the Usual Depth.

"7. Upon information and belief, on or about July 17, 1990, defendants unilaterally * * * began lowering the Usual Depth of Barrett Pond by siphoning out water, and defendants continue to do so, to plaintiffs' damage."

The term "usual depth" is defined in the complaint in the underlying action by referring to the average depth of the pond. In our view, the underlying action falls squarely within the exclusion and, therefore, Supreme Court's orders and judgment should be affirmed.

Levine, J., concurs. Ordered that the order entered April 2, 1991 and judgment are reversed, on the law, with costs, motion denied, cross motion granted and plaintiff awarded partial summary judgment. Ordered that the appeal from order entered May 22, 1991 is dismissed, as academic.