■ I. SHULMAN AND SON, INC., Respondent, v THOMAS A. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Ellison, J.), entered January 10, 1992 in Chemung County, which denied defendant's motion to dismiss the complaint for, *inter alia,* failure to state a cause of action.

Plaintiff is a New York corporation which owns and operates a salvaging facility located in the City of Elmira, Chemung County. In 1982, plaintiff received a shipment of transformers that were to be dismantled and sold for scrap; it later developed that the transformers contained oil laced with polychlorinated biphenyl (PCB). In 1984, plaintiff entered into an order on consent with the Department of Environmental Conservation (hereinafter DEC) wherein plaintiff agreed to, *inter alia,* undertake a field investigation to determine whether the site posed a significant threat to the environment and, if necessary, develop a remedial plan. Paragraph X of the consent order provided that "[plaintiff] shall bear all costs incurred in the development, implementation, administration, monitoring and maintenance of the Field Investigation Program, and the Remedial Program if one is ordered; the preparation of the reports and plans required by this Order, and any other work required by this Order".

In May 1985, after reviewing the report submitted by the environmental engineering firm hired by plaintiff, DEC determined that the site posed a significant threat to the environ-

ment and directed that further investigation be conducted in order to determine the extent of the threat and develop an appropriate remedial program. Plaintiff was given the option of having DEC file a formal complaint under ECL 27-1313 or entering into another order on consent. Plaintiff chose the latter course and, on or about September 16, 1986, executed a second consent order and agreed to implement the investigation and remedial program outlined in appendix A thereto. This second consent order specifically provided that it was a supplement to and continuation of the original consent order signed by plaintiff and DEC in 1984.

According to plaintiff, it was assured by DEC officials prior to signing the second consent order in 1986 that the cost of the remedial program would not exceed its insurance coverage (approximately $300,000). When it became apparent that the actual cost of the remedial program would be somewhere between $3.6 million and $23.7 million, plaintiff commenced this action seeking to rescind the 1986 consent order on the ground of mutual mistake. Defendant moved to dismiss contending, *inter alia*, that the complaint failed to state a cause of action. Supreme Court denied defendant's motion and this appeal by defendant followed.

It is well settled that on a motion to dismiss pursuant to CPLR 3211 (a) (7), this Court must "construe the complaint liberally in plaintiff's favor, accept the facts alleged as true * * * and determine whether the facts alleged fit within any cognizable legal theory" *(Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936; *see, Huntsman Chem. Corp. v Tri/Insul Co.,* 183 AD2d 1002, 1003; *Klebe v Tri-Mun. Sewer Commn.,* 160 AD2d 677, 679-680, *lv dismissed* 76 NY2d 1018). Plaintiff alleges that there was a fundamental and mutual mistake regarding the scope of the remediation, that the parties mistakenly believed that the cost of the remedial work required under the 1986 consent order would not exceed plaintiff's insurance coverage and, further, that it executed the 1986 consent order only after being given such assurances by DEC. Plaintiff does not dispute that the 1984 consent order, the provisions of which were explicitly incorporated into the 1986 consent order, requires it to pay all costs associated with the remedial effort. Rather, plaintiff asserts that there was a mutual mistake regarding the scope of the work required under the 1986 consent order and how much that remedial work would actually cost. Accepting these allegations as true, we are of the view that plaintiff has sufficiently stated a cause of action for rescission of the 1986

consent order based upon mutual mistake of fact *(see generally, Rekis v Lake Minnewaska Mtn. Houses,* 170 AD2d 124, 130, *lv dismissed* 79 NY2d 851), and that the complaint satisfies the particularity requirement of CPLR 3016 (b) *(cf., Lanzi v Brooks,* 43 NY2d 778 [CPLR 3016 (b) requires only that conduct complained of be set forth in sufficient detail to clearly inform defendant with respect to incident complained of]). Accordingly, defendant's motion to dismiss was properly denied. We have examined the remaining arguments advanced by defendant and find them to be lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.