■ CHARLENE HART et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [608 NYS2d 241] —In an action to recover the proceeds of a fire insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered December 9, 1991, as denied that branch of its motion which was to dismiss the plaintiffs' second cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to

dismiss the second cause of action is granted, and the remaining cause of action is severed.

The plaintiffs' residence was damaged in a fire which occurred on March 5, 1990. The plaintiffs subsequently submitted a claim to the defendant insurer. That claim was ultimately denied. The plaintiffs then commenced this action, asserting causes of action to recover damages for breach of the insurance contract and violation of General Business Law § 349.

General Business Law § 349, a consumer protection statute, prohibits deceptive acts or practices in the conduct of a business or furnishing of services. To constitute a violation of the statute, the deceptive acts or practices must be of a recurring nature which affect the public interest *(see, Genesco Entertainment v Koch,* 593 F Supp 743; *Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917). The absence of any such allegations in the plaintiffs' complaint requires dismissal of the second cause of action *(see, H20 Swimwear v Lomas,* 164 AD2d 804; *Rubin v Telemet Am.,* 698 F Supp 447). Even if the additional allegations contained in counsel's opposing affirmation are considered, the plaintiffs have failed to demonstrate how those acts constitute a violation of General Business Law § 349 *(see, Waste Distillation Tech. v Blasland & Bouck Engrs.,* 136 AD2d 633; *Azby Brokerage v Allstate Ins. Co.,* 681 F Supp 1084). Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.