OPINION OF THE COURT
Louise Gruner Gans, J.
This matter began as a commercial nonpayment proceeding, but basically is now a plenary action, because respondent has vacated the premises. The dispute centers on petitioner’s calculation and billing of additional rent for porter’s wage and electricity charges. Throughout the proceeding, respondent has paid monthly use and occupancy by order of the court. The trial of the porter’s wage portion of petitioner’s claim has been completed. Both parties moved for summary judgment as to the electricity portion and respondent moved for leave to amend its seventh affirmative defense and counterclaim to state a defense and claim under General Business Law § 349. Section 349 of the General Business Law declares unlawful and makes actionable "[deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.” Summary judgment was denied and leave to amend was granted in part. The trial of the electricity claim was interrupted by the instant written motions. Respondent moved for leave to serve written interrogatories and petitioner cross-moved to strike the amended seventh affirmative defense and counterclaim. The motion is granted in part and denied in part, and the cross motion is denied in its entirety.
Turning first to petitioner’s cross motion, petitioner contends that the General Business Law § 349 defense and coun *852 terclaim must be stricken because: (1) they are not intertwined with petitioner’s claim for rent and additional rent; (2) they are irrelevant to petitioner’s claim for rent; and (3) even if they can be proven, they will have no effect on the ultimate outcome of this proceeding. These contentions are without merit.
In its decision and order dated November 15, 1993, this court previously determined that the section 349 counterclaim is inextricably intertwined with petitioner’s claim for electricity charges. That determination is now law of the case. (Martin v City of Cohoes, 37 NY2d 162, 165 [1975].)
Petitioner’s remaining two arguments are essentially one. Petitioner argues that even if respondent prevails on its General Business Law § 349 claim with respect to electricity overcharges, the most respondent can recover is its actual damages in the amount of the overcharge, which petitioner has already conceded respondent is entitled to as an offset against petitioner’s claim for rent in this proceeding. Even though respondent has pleaded treble damages as part of its section 349 claim, petitioner contends that treble damages are not available to respondent because under section 349 actual damages can be trebled only if the trebled amount does not exceed $1,000. Petitioner has admitted that it owes respondent a credit for the electricity overcharges; the only dispute is the amount of the overcharge, which petitioner claims is $16,412.01 and respondent claims is $44,327. According to petitioner, since respondent’s actual damages in the amount of the overcharge will necessarily exceed the $1,000 limit on treble damages, respondent cannot maintain a section 349 claim for anything more than its actual damages which will be identical to the amount respondent will be entitled to in the summary proceeding as an offset against petitioner’s claim for rent.
In opposition to petitioner’s cross motion, respondent contends that it is entitled to treble damages because each billing statement that included an overcharge for electricity constitutes a separate violation of General Business Law § 349 for which treble damages up to $1,000 can be awarded. Specifically, respondent alleges that petitioner "engaged in 150 separate deceptive acts directed to tenant, including sending two or three deceptive bills per month for over six years.” Respondent further contends that it is entitled to attorney’s fees as part of its General Business Law § 349 claim.
*853 The court finds under the circumstances of this case, respondent’s General Business Law § 349 claim for electricity overcharges cannot be analyzed as a number of separate violations based on each bill respondent received from petitioner. Where a deceptive act or practice involves a "private commercial dispute,” an essential element of the section 349 cause of action is that the complained of act or practice must be of "a recurring nature * * * harmful to the public at large.” (Holmes Protection v Provident Loan Socy., 179 AD2d 400 [1st Dept 1992]; see also, Myers, Smith & Granady v New York Prop. Ins. Underwriting Assn., 201 AD2d 312 [1st Dept 1994]; Hart v Allstate Ins. Co., 201 AD2d 621 [2d Dept 1994]; Quail Ridge Assocs. v Chemical Bank, 162 AD2d 917, 920 [3d Dept 1990]; Genesco Entertainment v Koch, 593 F Supp 743 [SD NY 1984]; Hart v Moore, 155 Misc 2d 203 [Sup Ct, Westchester County 1992]; Fast Photo v American Home Assur. Co., NYLJ, Dec. 16, 1993, p 25, col 3 [Sup Ct, NY County].)
Here, respondent tenant is a corporation that publishes a financial newspaper; petitioner landlord is a substantial real estate partnership. Respondent bases its deceptive practices claim on the parties’ respective rights and obligations under the terms of a commercial lease for office space occupied by respondent on several floors of a building owned by petitioner. On these facts, respondent’s section 349 claim clearly involves a "private commercial dispute,” and as such respondent is required to show as an element of its cause of action that the deceptive billing for electricity overcharges was a "recurring act.”
The repeated and numerous bills for electricity overcharges are, therefore, necessary to demonstrate the recurring nature of the alleged deceptive business practice in support of one cause of action under General Business Law § 349. At best, the August 14, 1992 letter from petitioner’s utility specialist Mr. Ivan Villarruel, notifying respondent of the April 1992 rate increase and the increase in respondent’s rent based on this rate increase, may constitute a separate deceptive act of passing along the 1992 increase without taking the 1987 decrease into account. However, respondent never paid the 1992 increase, so it suffered no actual damages as a result of this act.
Nevertheless, the court finds that a sufficient basis exists for respondent to maintain its amended seventh affirmative *854 defense and counterclaim. Regardless of whether respondent is entitled to treble damages, respondent may still recover attorney’s fees pursuant to General Business Law § 349 (h). Section 349 (h) gives the court the discretion to award attorney’s fees to a "prevailing plaintiff.” The right to attorney’s fees under General Business Law § 349 (h) is viewed as a significant substantive component of the remedy for damages caused by deceptive business practices. (Perett v American Express Travel Related Servs. Co., 145 Misc 2d 231, 233 [Civ Ct, Kings County 1989].)
In 1980, General Business Law § 349 was amended to provide a private right of action for deceptive business practices. The amendment was designed to encourage private suits and deter deceptive conduct by permitting the successful plaintiff to recover not only actual damages, but also minimum statutory damages of $50, treble damages up to $1,000, and attorney’s fees. (Governor’s Approval Mem, L 1980, ch 346, 1980 NY Legis Ann, at 147.) The legislative history reveals that the attorney’s fees provision was necessary to ensure the effectiveness of the private right of action, because as one commentator put it, "the most serious impediment to private consumer actions * * * was the cost of bringing suit.” (Note, New York Creates a Private Right of Action to Combat Consumer Fraud: Caveat Venditor, 48 Brook L Rev 509, 580 [1982]; see also, Mem of Attorney-General, Bill Jacket, L 1980, ch 346; Report of Special Comm on Consumer Affairs, Assn of Bar of City of NY, Bill Jacket, L 1980, ch 346; Traiger, Consumer Fraud Laws in New York Require Private Right of Action, NYLJ, Mar. 17, 1980, at 1, col 1.)
Here, respondent has no other contractual or statutory right to attorney’s fees outside the statutory right under General Business Law § 349 (h). Although the parties’ lease provides that petitioner is entitled to attorney’s fees in a summary proceeding, the reciprocal right to fees created under Real Property Law § 234 is inapplicable to this proceeding because it involves commercial rather than residential premises. (Grade Tower Realty Assocs. v Danos Floral Co., 142 Misc 2d 920, 925 [Civ Ct, NY County 1989].) Thus, if respondent prevails as to its deceptive business practices claim based on electricity overcharges, it may be entitled to recover in addition to actual damages, attorney’s fees, that would not otherwise be available to respondent.
Accordingly, despite the fact that respondent may not be entitled to treble damages since it is already conceded that *855 respondent’s actual damages in the amount of the overcharge would exceed the $1,000 statutory limit on treble damages (Hart v Moore, supra; Sulner v General Acc. Fire & Life Assur. Corp., 122 Misc 2d 597 [Sup Ct, NY County 1984]), petitioner’s cross motion to strike the amended seventh affirmative defense and counterclaim is denied.
[Portions of opinion omitted for purposes of publication.]