■ UNITED KNITWEAR Co., INC., et al., Respondents, v NORTH SEA INSURANCE COMPANY et al., Appellants. [612 NYS2d 596] —In an action to recover damages, *inter alia,* for breach of contract, violation of General Business Law § 349, fraud, and civil racketeering, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), dated June 4, 1991, as denied those branches of their cross motion which were to dismiss the second and fourth causes of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, those branches of the defendants' motion which were to dismiss the second and fourth causes of action asserted in the complaint are granted, and those causes of action are dismissed.

The North Sea Insurance Company (hereinafter North Sea), issued a policy of insurance covering the plaintiffs' property located at 475 Keap Street, Brooklyn, from October 30, 1989, to October 30, 1990. The subject policy specifically provided coverage, *inter alia,* for damage caused by "leakage or discharge of any substance from an Automatic Sprinkler System". On or about January 1, 1990, the premises sustained water damage caused by a ruptured sprinkler located in an adjacent building. Consequently, the plaintiffs filed a claim with North Sea under the subject policy. By letter dated February 23, 1990, North Sea disclaimed coverage, on the ground that the policy only provided coverage for damage sustained by leakage from an automatic sprinkler system located within the insured's premises. The plaintiffs thereupon commenced the instant action, asserting four causes of action. The first cause of action alleged breach of the insurance contract, the second cause of action alleged a violation of General Business Law § 349, the third cause of action alleged fraud, and the fourth cause of action alleged, *inter alia,* violations of the Federal Racketeer Influenced and Corrupt Organization Act (hereinafter RICO). After the parties moved for partial summary judgment, the Supreme Court granted the plaintiffs' motion with respect to its first cause of action and denied the defendants' motion with respect to the second and fourth causes of action. We find that the Supreme Court erred in denying partial summary judgment dismissing the second and fourth cause of action.

General Business Law § 349 is a consumer protection statute which declares unlawful all "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (General Business Law § 349 [a]). To constitute a violation of this statute, the deceptive acts or practices must be of a recurring nature and harmful to the public at large *(see, Hart v Allstate Ins. Co.,* 201 AD2d 621; *Holmes Protection v Provident Loan Socy.,* 179 AD2d 400; *see also, Asbeka Indus. v Travelers Indem. Co.,* 831 F Supp 74, 88). Here, even assuming that North Sea's disclaimer could be deemed a "deceptive act," the plaintiffs have wholly failed to demonstrate, or even allege, that the act was of a recurring nature and harmful to the public at large *(cf.,*

*Hart v Moore,* 155 Misc 2d 203). Indeed, the plaintiffs have claimed only that in handling the subject claim, North Sea violated the prohibition against unfair claim settlement practices set forth in Insurance Law § 2601. This argument falls far short of establishing, or even alleging, that North Sea's allegedly deceptive act was of a recurring nature and was harmful to the public at large. In short, we find that the plaintiffs' cause of action amounts to nothing more than a private contract dispute between the parties, which is beyond the ambit of General Business Law § 349 *(see, Holmes Protection v Provident Loan Socy., supra; Asbeka Indus. v Travelers Indem. Co., supra,* at 88). Accordingly, since the plaintiffs have failed to demonstrate the existence of a triable issue of fact with respect to the cause of action under General Business Law § 349, the Supreme Court erred in denying partial summary judgment dismissing the second cause of action *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562).

Similarly, we find that the fourth cause of action, alleging violations of the Federal RICO Act grounded on charges of mail and wire fraud, should have been dismissed by the Supreme Court, because the factual allegations in support thereof were not pleaded with the requisite particularity *(see, Ritchie v Carvel Corp.,* 180 AD2d 786). Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.