■ FORT ANN CENTRAL SCHOOL DISTRICT, Respondent, v RICHARD P. HOGAN, Appellant, et al., Defendant. [614 NYS2d 803] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 1, 1993 in Washington County, which denied defendant Richard P. Hogan's motion to dismiss the first three causes of action of the complaint against him.

Defendant Richard P. Hogan was employed by plaintiff under a written contract signed in December 1985 as its Superintendent of Schools. The contract gave Hogan broad general powers and provided that he was to perform all the

duties of Superintendent of Schools as prescribed by the laws of New York and the rules and regulations of plaintiff, including all duties imposed on or granted to a Superintendent of Schools under the Education Law or by rule or regulation of the Commissioner of Education. As a result of financial reports made to plaintiff's Board of Education showing that plaintiff had a positive balance in its general fund when there was apparently a substantial deficit, plaintiff brought this action charging Hogan with breach of contract, fraud and negligent misrepresentation, alleging that he failed to properly supervise plaintiff's finances and misinformed plaintiff as to its actual financial status during the years 1990-1991 and 1991-1992.

On this appeal Hogan does not contest Supreme Court's failure to dismiss the first cause of action for breach of contract, but argues that the second and third causes of action for fraud and negligent misrepresentation should be dismissed since they fail to meet the stringent pleading requirements of CPLR 3016 (b).

Generally, in a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must construe the complaint liberally in favor of the plaintiff, accepting the facts alleged as true and determining whether they fit into any cognizable legal theory, with the pleader being entitled to every favorable inference that may be drawn *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, *appeal dismissed* 76 NY2d 936; *Kermisch v Avis Rent A Car Sys.,* 71 AD2d 790). However, where fraud or misrepresentation is charged, CPLR 3016 (b) requires that the misrepresentation must be pleaded in detail so as to clearly inform the defendant with respect to the incident complained of and give notice of the allegations the plaintiff intends to prove *(see, Lanzi v Brooks,* 43 NY2d 778; *Shulman & Son v Jorling,* 189 AD2d 1012; *Samaritan Hosp. v McManus, Longe, Brockwehl,* 92 AD2d 957). Assuming, arguendo, that the causes of action for fraud and negligent misrepresentation are stated in sufficient detail to satisfy CPLR 3016 (b), we nevertheless find that they should be dismissed.

It is well settled that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract has been violated, which duty must arise from circumstances extraneous to, and not constituting elements of, said contract *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382). Thus, a lack of separate relationship distinct from the contract precludes a claim of negligent misrepresentation *(see, RKB Enters. v Ernst & Young,* 182 AD2d 971), and

as was stated in *Quail Ridge Assocs. v Chemical Bank (supra)*, a tort cause of action may accompany a breach of contract only where said contract creates a relation out of which comes a duty independent of the contractual obligation.

In this case Hogan's contract with plaintiff, as alleged in the complaint, included the responsibility of supervising and directing all auditors, treasurers, bookkeepers and all other persons employed in the management of the district. Since the allegations in plaintiff's second and third causes of action fail to set forth circumstances which are distinct or independent of the duties imposed upon Hogan under his contractual obligations, we find that the causes of action for fraud and negligent misrepresentation should be dismissed *(see, Advanced Safety Sys. N. Y. v Manufacturers & Traders Trust Co.,* 188 AD2d 1009; *Luxonomy Cars v Citibank,* 65 AD2d 549).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the second and third causes of action in the complaint; motion granted to that extent and said causes of action are dismissed; and, as so modified, affirmed.