■ ASHOK KASHELKAR, Appellant, v HARRIET LEVINE et al., Respondents. [654 NYS2d 624] —In an action, *inter alia,* to recover damages for negligence, the plaintiff appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Rockland County (Meehan, J.), dated October 20, 1995, which, *inter alia,* (a) denied his cross motion, among

other things, (i) for summary judgment, (ii) to strike the individual defendants' answer, (iii) to dismiss the cross motion by the individual defendants for summary judgment, and (iv) to dismiss the cross motion by the defendant Government Employees Insurance Company for summary judgment dismissing the second and third causes of action asserted in the complaint, and (b) granted the cross motion of the defendant Government Employees Insurance Company for summary judgment dismissing the second and third causes of action asserted in the complaint; (2) from stated portions of an order and judgment (one paper) of the same court entered December 8, 1995, which, *inter alia,* dismissed the complaint insofar as asserted against the defendant Government Employees Insurance Company; (3) from an order of the same court dated December 13, 1995, which denied the plaintiff's application for a stay of enforcement of the order dated October 20, 1995, pending hearing and determination of an appeal therefrom; (4) from an order of the same court dated January 16, 1996, which granted the cross motion of the individual defendants for summary judgment dismissing the complaint insofar as asserted against them; and (5) from a judgment of the same court dated March 4, 1996, which dismissed the complaint insofar as asserted against the individual defendants.

Ordered that the appeals from the orders dated October 20, 1995, and January 16, 1996, are dismissed; and it is further,

Ordered that the appeal from the order dated December 13, 1995, is dismissed as academic; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants Harriet Levine and Joseph Levine are awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgments (*see,* CPLR 5501 [a] [1]).

The Supreme Court correctly dismissed the complaint inasmuch as the defendants proffered sufficient evidence to establish that no triable issues of fact existed and the plaintiff failed to refute that showing (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; CPLR 3211 [a] [7]; 3013; *see also, Oswego Laborers' Local 214 Pension*

*Fund v Marine Midland Bank,* 85 NY2d 20; *Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603; *United Knitwear Co. v North Sea Ins. Co.,* 203 AD2d 358). Accordingly, the defendants established their entitlement to judgment as a matter of law.

The plaintiff's remaining contentions are either improperly raised for the first time on appeal, academic, or without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.