Michael Gangi Plumbing & Heating Contrs., Inc. v World Bus. Lenders (2026 NY Slip Op 01194)

Michael Gangi Plumbing & Heating Contrs., Inc. v World Bus. Lenders

2026 NY Slip Op 01194

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-05912
 (Index No. 500481/21)

[*1]Michael Gangi Plumbing and Heating Contractors, Inc., etc., et al., plaintiffs, Josephine Theisen, appellant,
vWorld Business Lenders, et al., respondents, et al., defendants.

Lanin Law, P.C., New York, NY (Scott L. Lanin of counsel), for appellant.
Carter Ledyard & Milburn LLP, New York, NY (Alexander G. Malyshev and Jacob H. Nemon of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for a violation of General Business Law § 349 and fraud, the plaintiff Josephine Theisen appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 28, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants World Business Lenders and Axos Bank which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted by the plaintiff Josephine Theisen against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The underlying facts of this action are summarized in our decision and order on a related appeal (see Axos Bank v Michael Gangi Plumbing & Heating Contrs., Inc., ___ AD3d ___ [decided herewith]).
In January 2021, the plaintiffs, Michael Gangi Plumbing and Heating Contractors, Inc., Rosario Gangi, Josephine Theisen, and Leonora Gangi, commenced this action against, among others, the defendants World Business Lenders and Axos Bank (hereinafter together the defendants). The complaint asserted a cause of action to recover damages for a violation of General Business Law § 349 (first cause of action) and a cause of action by Theisen to recover damages for fraud against the defendants (second cause of action). The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated May 28, 2021, the Supreme Court granted the motion. Theisen appeals from so much of the order as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by Theisen against them.
To establish a cause of action under General Business Law § 349, a party must allege that (1) the offending parties' conduct was consumer oriented; (2) the offending parties' act or practice was deceptive or misleading in a material way; and (3) an injury was suffered as a result of the deception (see id. § 349[h]; Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 176). Accordingly, "'parties claiming the benefit of [General Business Law § 349(h)] must, at the threshold, charge conduct that is consumer oriented'" [*2](Abraham v Torati, 219 AD3d 1275, 1280, quoting New York Univ. v Continental Ins. Co., 87 NY2d 308, 320). "'Private contract disputes, unique to the parties . . . [do] not fall within the ambit of the statute'" (id. at 1281, quoting Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; see New York Univ. v Continental Ins. Co., 87 NY2d at 320). The "'single shot transaction'" (Genesco Entertainment, a Div. of Lymutt Indus., Inc. v Koch, 593 F Supp 743, 752 SD NY]), which is "tailored to meet the purchaser's wishes and requirements" (New York Univ. v Continental Ins. Co., 87 NY2d at 321), "'does not, without more, constitute consumer-oriented conduct for the purposes of this statute'" (Abraham v Torati, 219 AD3d at 1281, quoting North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 12).
Here, the first cause of action did not allege that the defendants' act and practice of allegedly misrepresenting prepayment penalties "'[was] of a recurring nature and harmful to the public at large'" (id., quoting United Knitwear Co. v North Sea Ins. Co., 203 AD2d 358, 359). Rather, the first cause of action, even liberally construed, merely alleged "'a private . . . dispute unique to the parties'" (id., quoting Silver v CitiMortgage, Inc., 162 AD3d 812, 814). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, alleging a violation of General Business Law § 349, insofar as asserted by Theisen against them (see Abraham v Torati, 219 AD3d at 1281; cf. North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 12-13).
"'[A]n essential element of any fraud [claim] is that there must be reasonable reliance, to a party's detriment, upon the representations made by the defendant against whom the fraud claim[ ] has been asserted'" (Goldberg v KOSL Bldg. Group, LLC, 236 AD3d 995, 997, quoting Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044). "'A party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence'" (id., quoting KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d 872, 872).
Here, the second cause of action failed to allege facts from which it may be inferred that Theisen reasonably relied on a purported representation from a notary at the Bay Ridge mortgage closing that, in accordance with a HUD-1 statement, there would be no prepayment penalty associated with the Bay Ridge loan. The Bay Ridge mortgage agreement that Theisen signed indicated that, contrary to the above, there was in fact a prepayment penalty associated with the loan. Thus, the notary's alleged misrepresentation pertained to facts that Theisen could have and should have verified with her own due diligence (see id.). Thus, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court